Donahue, J.
The first question arising upon the record is the right of the plaintiffs below to maintain this suit. Section 8 of Article IV of the constitution of Ohio, provides that “The probate court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators and guardians * * *i” Section 524, Revised Statutes (Section 10492, General Code), provides that probate courts shall have jurisdiction “to direct and control the conduct and settle the accounts of executors and administrators, and order the distribution of estates.” Section 6187, Revised Statutes (Section 10834, General Code), provides that “When an account is settled in the absence of any person adversely interested, and without actual notice to him, the account may be opened, on his filing exceptions to the account at any time within eight months thereafter; and upon every settlement of an account by an executor *230 or administrator, all his former accounts may be so far opened as to correct any mistake or error therein; excepting that any matter of dispute between two parties, which had been previously heard and determined by the court, shall not be again brought into question by either of the same parties without leave of the court. * * * ”
This fifth and final account of the administrator was filed on the 15th day of November, 1904, and was settled by the probate court on the 26th day of December, 1904. The eleventh finding of the circuit court is to the effect that counsel for defendants in error, who were plaintiffs below, came from Cincinnati to Ironton, Ohio, on the 12th day of February, 1905, and then saw and examined all of said accounts at the probate office in Lawrence county, Ohio, and then had actual notice of, and knew of the allowance of the items therein contained which are now complained of, and that said plaintiffs and neither of them filed exceptions within eight months of the settlement of said fifth and final account.
It is true that the cross-petition in this case seeks to reverse these findings for the reason that they are oot sustained by any evidence, but it clearly appears that this particular finding is fully sustained by the evidence, and that counsel for the plaintiffs below knew within a very short time after the settlement of the final account just what allowances had been made to the administrator for extra compensation and for counsel fees for services in behalf of said estate, and if these allowances seemed excessive to them, or to their clients, ample remedy was provided by Section 6187, conditioned- *231 only that exceptions should be filed within eight months next after the settlement of said account, and upon the hearing of such exceptions all the former accounts could have been • opened up and corrected, but after the expiration of eight months, the judgment of the probate court settling said several accounts, and said final account, could only be attacked for fraud in procuring that judgment. Eichelberger v. Gross, 42 Ohio St., 549.
This court has many times declared that “the probate courts of Ohio are in the fullest sense courts of record; they belong to the class whose records import absolute verity, that are competent to decide their own jurisdiction, and to exercise it to final judgment, without setting forth the fact and evidence on which it is rendered.” Schroyer, Gdn., v. Richmond et al., 16 Ohio St., 455; Railroad Co. v. Village of Belle Centre, 48 Ohio St., 273; Railroad Co. v. O’Harra, 48 Ohio St., 343.
From the findings of the circuit court it appears that these plaintiffs and their counsel were fully advised that this judgment was entered against them, but instead of availing themselves of the method provided by the statute they did absolutely nothing until after the expiration of the eight months limited for the filing of exceptions as provided in Section 6187, Revised Statutes.
It is the policy of the law that all controversies should reach speedy determination. • The peace of society demands that the judgment of every court having jurisdiction of a cause should be a final adjudication of that cause unless it is reversed or vacated in the manner and by the methods provided therefor. The statutes limiting the time in *232 which various actions may be brought, or limiting the time in which an appeal may be taken, or a prosecution in error instituted, may seem to work a hardship in some particular. case, but these laws are wholly beneficial to society at large and undoubtedly prevent the perpetration of many wrongs. When an individual is fully advised of his rights and fully advised that these rights have been im vaded or denied him, it becomes his duty to avail himself of the remedy the law affords within the time provided for such remedy. In this particular case .this estate was in process of settlement for many years. Each particular account was filed at the time the statute required it should be filed. These plaintiffs and their counsel are presumed to know that these accounts would be filed and it was their duty to give such attention to this business in which they had such a vital interest as would im form them in reference to the progress of the settlement of this estate. That they did not do so is their folly, and their misfortune.
The judgment of the probate court is just as conclusive and binding upon the parties as would be the judgment of any other court, and before the judgment of any court can be opened up and set aside, it must appear, first, that the court had not jurisdiction of the parties, to the action, or of the subject-matter of the suit, or, second, that the judgment was obtained by fraud of the prevailing party. It is urged by counsel for defendant in error that a practice has grown up in that county of allowing exorbitant fees to administrators and their counsel. If that be true, it is a deplorable condition of affairs, but the law' furnishes ample *233 remedy for the correction of these abuses, • and the fact, if it is a fact, that these abuses do exist would not justify this court in disregarding the constitution or the law of the state. If the probate court is not the proper forum in which accounts of executors and administrators should be settled then the remedy lies in a change of the constitution and not in ignoring its provisions, therefore, unless fraud has been shown, the judgment of this probate court settling these several accounts must control.
The circuit court found upon the evidence squarely against' the contention of plaintiffs that the administrator was guilty of fraud, false pretenses and concealment, and we are not disposed to say that these findings are not sustained by evidence.
The circuit court does find that the allowance of one thousand dollars extra compensation was grossly excessive, fraudulent and out of proportion to the extra services the administrator rendered, but it does find that the administrator did render extra services and was entitled to extra compensation. The circuit court differed with the probate court only as to the amount that ought to have been allowed. There is no finding-that the administrator procured the probate court to make such an allowance through fraud or false représentations or collusion, but rather by reason of it being so grossly out of proportion to the services rendered that that fact of itself makes it fraudulent. It will be remembered that this is not an error proceeding or an appeal from the judgment of the probate court settling these accoüñts,' but is an action to open up the judgment, of the - probate *234 court for fraud in procuring the same. The mere fact that the circuit court in this character of case disagrees with the probate court as to the amount that should have been allowed would not justify it in substituting its own judgment for that of the probate court. It must first find and determine that this judgment was procured by fraud before it is authorized to open up and set aside the judgment, and while» the fact that such allowance is grossly out of proportion to the value of the extra services rendered is some evidence of fraud, it does not necessarily show that the judgment was procured by fraud, or by collusion with the court. If the circuit court had found that no services were performed then there would be nothing upon which to predicate the judgment of the probate court making the allowance of one thousand dollars, and it would follow as a logical, as well as a legal, conclusion, that the judgment must have been fraudulently obtainéd, but having found that there' was a basis for the judgment of the probate court, and that court having by the constitution and the laws of this state jurisdiction to inquire .and determine the amount of extra comnensation to which the administrator is entitled, the judgment of the probate court imports, absolute verity and can only be avoided by proof of actual fraud in obtaining the same.
The fact that the circuit court has not found any fraud, but on the contrary found that there was no fraud disposes of anv questions that might be raised on the cross-petition. Having made such finding it should have entered a judgment dismissing plaintiffs’ petition at their costs. For its error *235 in failing to do so the judgment of the circuit court opening up the* third account and reducing the allowance from one thousand dollars to one hundred dollars is reversed, set aside and held for naught, the cross-petition of defendants in error dismissed, and judgment for plaintiff in error on the facts found by the circuit court.

Judgment reversed.

Spear, C. J., Davis, Shauck, Price and Johnson, JJ., concur.